IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 FEB -3  A 11: 43

CLERK'S OFFICE
AT GREENBELT

BY_____

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-15-1339 |
| NORTH STAR FINANCE, LLC, *et al.*, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case began as a civil enforcement action on May 11, 2015, by Plaintiff Securities and Exchange Commission ("SEC") against Michael K. Martin, Capital Source Funding, LLC, and other Defendants, for violations of the Securities Act and Exchange Act[1] arising from a fraudulent "prime bank" investment scheme allegedly perpetrated by Defendants. ECF No. 1. Several non-dispositive Motions are now pending for resolution. This Memorandum Opinion and attached Order address the following Motions: Motion for Clerk's Entry of Default against Defendants Capital Source Lending, LLC, and Defendants Capital Source Funding, LLC, ECF No. 196; Motion to Refile Chapter 13 Bankruptcy, ECF No. 232; Motion to Withdraw as Attorneys for Relief Defendants, ECF No. 234; Motion to Release Living Expenses, ECF No. 236; Motion to Impose Civil Contempt Sanctions against Mr. Martin, ECF No. 242; and "Emergency Motion" to Release Living Expenses, ECF No. 248. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, ECF No. 196 is granted, ECF No. 232 is denied, ECF No. 234 is granted, ECF No. 236 is denied as moot, and ECF No. 248 is granted. Additionally,

---

[1] *See* 15 U.S.C. § 77a and 15 U.S.C. § 78a *et seq.*

Defendant Martin is ordered to Show Cause why he should not be held in Civil Contempt for failure to obey a Court Order.

I.      **DISCUSSION**

**A. Current and Future Release of Funds – ECF Nos. 232, 236, and 248**

On May 12, 2015, following the filing of the SEC Complaint, the Court issued a Temporary Restraining Order ("TRO") freezing the Defendants' assets. Pursuant to the terms of the Temporary Restraining Order, Defendants were "permitted to apply for relief from the asset freeze to pay 'necessary and reasonable living expenses.'" ECF No. 19 at 1; *see* ECF No. 7 at 11. Since the inception of this case, the Court has resolved no less than ten of Defendants' requests to unfreeze the assets. *See, e.g.* ECF Nos. 19, 50, 81, 115, 122, 125, 129, 153, 184, 201, 221, 227, and 230. As Plaintiff SEC has noted, Mr. Martin has now "nearly exhausted the funds frozen for defrauded investors . . . rendering the freeze meaningless." ECF No. 249 at 2[2]; ECF No. 237 at 3 ("In total, despite having come into the asset freeze reporting only $10,785.35 in assets, (ECF No. 41), $144,903.44 of the $328,546.46 in funds originally frozen . . . has been whittled away.").

"Courts clearly have the authority to enter freeze orders in an SEC enforcement action." *S.E.C. v. Dowdell*, 175 F. Supp. 2d 850, 854 (W.D. Va. 2001) (citing *See SEC v. International Loan Network, Inc.*, 770 F.Supp. 678, 696 (D.D.C. 1991)). If the Court has "the authority to freeze personal assets temporarily, it logically has the 'corollary authority to release frozen personal assets, or lower the amount frozen.'" *Dowdell*, 175 F. Supp. 2d at 854 (citing *SEC v. Duclaud Gonzalez de Castilla*, 170 F. Supp. 2d 427 (S.D.N.Y. 2001)). Courts are called upon to weigh "the disadvantages and possible deleterious effect of a freeze . . . against the

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

considerations indicating the need for such relief." *Id.* (citing *SEC v. Manor Nursing Centers, Inc.*, 458 F.2d 1082, 1105 (2d Cir.1972)).

When the assets were first frozen nearly two years ago, the Court attempted to strike an equitable balance. The Court was concerned that some of Mr. Martin's expenses were related to an expensive lifestyle. At the same time, the Court acknowledged that Mr. Martin had existing leases and bills to pay, and was mindful that seeking and securing employment may not occur instantaneously. Thus, the Court was generous with Mr. Martin's enduring requests to unfreeze the assets to pay his living expenses. Mr. Martin has made some attempts to find work, including driving for Uber and building mobile apps. *See* ECF No. 248 at 1. However, 21 months after the initial asset freeze, Mr. Martin still has not found a way to independently support his livelihood, nor does it appear that he has significantly modified his lifestyle.

At this juncture, the Court must make some adjustments to the future release of funds. *See Dowdell*, 175 F. Supp. 2d at 854 (discussing considerations to make when Court is called upon to grant or deny release of funds). Therefore, this will be the Court's final grant of Mr. Martin's request for payment in full. *See* ECF Nos. 236 and 248. He will be awarded a total of $11,077.00 for January, February, and March 2017. For the three-month period beginning April 2017, however, the Court will only grant up to one-third of this amount (approximately $3692.00), and this is conditional upon Mr. Martin's demonstration of securing a meaningful income and restructuring his finances. No further releases will be authorized. Because the Court finds that Mr. Martin should be actively pursuing financial self-sufficiency, the Court denies Mr. Martin's request to utilize new income to pay fees related to the Chapter 13 bankruptcy proceeding, ECF No. 232.[3]

---

[3] Additionally, the Court acknowledges that Plaintiff alleges that Mr. Martin has not submitted his petition for bankruptcy in good faith; namely, that Mr. Martin declared to the bankruptcy court that he was not a party to any

### B. Production of Documents and Civil Contempt – ECF No. 242

The Court entered a Scheduling Order in this case on February 18, 2016, ECF No. 143, beginning a protracted discovery dispute between the SEC and Mr. Martin. The SEC filed several Motions to Compel in an effort to retrieve documents from Mr. Martin. ECF Nos. 157, 161, and 177. On December 29, 2016, the Court issued an Order regarding the production of documents, including emails from Mr. Martin's business account. ECF No. 235. Mr. Martin filed a Response on January 5, 2017, refusing to consent to the Court's Order, and stating that his "5th amendment right afforded to me pertaining to my emails before July 2014 as it outside the complaint by SEC and they are just fishing and acting as an agent for the government in a case in NY as they have very little evidence as well." ECF No. 238 at 1. The SEC filed a Motion to Impose Civil Contempt Sanctions on Mr. Martin. ECF No. 242. The SEC now requests the Court to find Mr. Martin in contempt and impose sanctions, including imprisonment.

A party moving for civil contempt must show, by clear and convincing evidence:

> (1) The existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's 'favor'; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) that [the] movant suffered harm as a result.

*JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004) (internal citations omitted). Upon finding a party in civil contempt, the Court may impose sanctions of a "fine or imprisonment, or both, at its discretion." 18 U.S.C. § 401.

Here, the Court issued its Order on December 29, 2016. ECF No. 235. Mr. Martin indisputably knew of the Order. The Order was in SEC's favor, as it directed Mr. Martin to produce the emails through providing his consent to Yahoo, Inc. *Id.* at 1. Since the issuance of

---

other lawsuit, ECF No. 233 at 1, and that Mr. Martin is not a qualified debtor within the meaning of 11 U.S.C.§ 109(e), as he is not an "individual with regular income." ECF No. 233-1 at 6.

that Order, Mr. Martin has violated the Court's instruction by failing to comply. Therefore, the Court finds it appropriate to order Defendant Martin to "show cause" within 14 days that he should not be held in contempt. Failure to do so may result in monetary sanctions, imprisonment,[4] or both. The Court also stresses that Plaintiff SEC may have alternative means of obtaining the documents at issue, including by administrative subpoena, which should be explored in the interest of efficiency.

### C. Other Pending Motions – ECF Nos. 196 and 234

Plaintiff moved on August 25, 2016, for an Order of Default against Defendants Capital Source Lending, LLC, and Capital Source Funding, LLC. ECF No. 196. On March 1, 2016, Defendants' counsel had moved to withdraw as attorneys of record. Pursuant to D. Md. Loc. R. 101(1)(a), "[a]ll parties other than individuals must be represented by counsel." If, within 30 days after counsel for an entity withdraws from a case, new counsel has not entered an appearance, the Court may take appropriate actions, including directing the party to show cause as to why a default should not be entered against it. Loc. R. 101(2)(b). After a teleconference on July 21, 2016, the Court ordered Defendants to show cause as to why default should not be entered against them within 30 days. More than 30 days have passed, thus an entry of default against these Defendants is appropriate, and the Motion is granted.

Finally, on December 7, 2016, Murdoch Walker, Esq. and Local Counsel Holly Peterson, Esq., counsel for Relief Defendants Charel Winston and Goodwill Funding, Inc., moved "to withdraw as attorneys of record of the same." ECF No. 234. Mr. Walker and Ms. Peterson attest that they served written notification upon Relief Defendants and received written consent from Ms. Winston. *Id.* at 1. They further state that Ms. Winston is making arrangements with

---

[4] The Court acknowledges that imprisonment is a "drastic coercive measure reserved for the most extraordinary circumstances and should be used sparingly." *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F. Supp. 115, 121 (W.D. La. 1984).

subsequent counsel. *Id.* The Motion to Withdraw is granted, with the additional cautionary note that Relief Defendants shall secure counsel in a timely fashion, or risk entry of default.

## II. CONCLUSION

For the foregoing reasons, ECF No. 196 is granted, ECF No. 232 is denied, ECF No. 234 is granted, ECF No. 236 is denied as moot, and ECF No. 248 is granted. Mr. Martin has 14 days from the issuance of the attached Order to Show Cause as to why ECF No. 242 should not also be granted.

Date: February 3, 2017

George J. Hazel
United States District Judge