IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

    Case No.: GJH-15-1339

NORTH STAR FINANCE, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Securities & Exchange Commission ("SEC") brought the present enforcement action against Defendant Michael K. Martin ("Martin") on May 11, 2015, and has been attempting to obtain Martin's emails via discovery since September 29, 2016, when Martin filed a Motion to Stay Discovery, ECF No. 211. Presently pending before the Court is Martin's Motion to Reconsider this Court's September 25, 2017 Order holding Martin in contempt for failing to consent to the release of his emails by his service provider by sending an email granting authorization (the "Consent Email"), ECF No. 336. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motion for Reconsideration is denied.

### I. BACKGROUND

On December 29, 2016, the Court issued an Order directing Martin to send a Consent Email to Yahoo, Inc., his email service provider, authorizing Yahoo to release Martin's account information and certain of Martin's emails to the SEC; specifically, the Yahoo email account

with the Yahoo ID "capitalsourcelending@yahoo.com." ECF No. 235. Martin did not comply with this Order, and on February 3, 2017, the Court issued another Order, directing Martin to show cause why he should not be held in contempt. ECF No. 252. Plaintiff SEC has since endeavored to subpoena Martin's emails from Yahoo directly, an effort which Yahoo has opposed. *See* ECF No. 275, ECF No. 291. The Court held a motions hearing on June 30, 2017 to hear argument on the administrative subpoena issue, and Martin did not appear. *See* ECF No. 307. On August 4, 2017, this Court again ordered Martin to sign the Consent Email set forth in ECF No. 235, a copy of which was attached to that Order. ECF No. 321. The Court warned Martin that:

> If Martin fails to do so within ten (10) days of this Order, the Court will hold Martin in contempt pursuant to Fed. R. Civ. P. 37(b)(2)(vii). Further, because Defendants' funds have been frozen by the Court for the benefit of the alleged victims, a monetary fine would not effectively compel production in this case. Therefore, if the Court holds Martin in contempt, it will also issue an arrest warrant and direct that Martin be held by the U.S. Marshals until he complies with this Order.

*Id.* at 2.[1]

On August 16, 2017, during a telephone status call with the parties, Martin stated that he would comply with this Court's Order and send the Consent Email. ECF No. 323. However, on August 18, 2017, the SEC provided this Court with a copy of an "Amended Authorization for the Release of Yahoo Emails," which Martin had sent to the SEC. Exhibit A. The SEC takes the position that the document "fails to comply with the Court's Order," and relayed to the Court that Yahoo's counsel "confirmed that Yahoo does not deem the so-called authorization sufficient to permit it to release the emails sought by the Commission." Indeed, despite the Court's explicit instruction that Martin send the Consent Email contained in ECF No. 235, Martin made a number of significant changes before returning the document. Specifically, Martin's "Amended

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

Authorization" gives his "protested signature" rather than his "express consent." *Compare* Exhibit A *with* Exhibit B. Furthermore, he gives Yahoo permission to "disclose only logs, containing names and addresses received and sent without attachments" rather than "[a]ll emails, including deleted emails, together with their attachments." *Compare* Exhibit A *with* Exhibit B. Finally, Martin states that he "do[es] not hold harmless Yahoo for the disclosure," whereas the Consent Email provided that he should "agree to hold harmless . . . Yahoo for the disclosure." *Compare* Exhibit A *with* Exhibit B.

On September 25, 2017, the Court held Martin in contempt of court and ordered that an arrest warrant would be issued for Martin, to be held in abeyance until 12 noon on October 2, 2017; the Court ordered that if Martin complied with the Court's order and signed the Consent Email prior to that time, the court would indefinitely stay the arrest warrant. ECF No. 335 at 3. Rather than complying with this Order, however, on September 26, 2017, Martin filed a Motion for Reconsideration. ECF No. 336. In his Motion for Reconsideration, Martin generally asks the Court to "deny the . . . [SEC]'s application for mandated/compelled disclosure of Defendant Martin's Yahoo email account." *Id.* at 1. Specifically, Martin makes a litany of arguments – which are at times difficult to parse through – including that the compelled production of his emails violates his Fourth and Fifth Amendment rights, along with his Attorney-Client Privilege. *See id.* at 4, 6–16. On September 27, 2017, the SEC filed an Opposition to Martin's Motion, arguing that Martin "merely rehashes arguments that this Court previously rejected," and that Martin is not entitled to a reconsideration of the Court's prior orders. ECF No. 338 1, 4.

## II. STANDARD OF REVIEW

Although Martin does not cite to a particular Federal Rule permitting reconsideration of the Court's prior decision, because no final judgment has been entered in this case, Martin's

3

Motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. That rule provides, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); *see also Cezair v. JPMorgan Chase Bank, N.A.*, No. CIV.A. DKC 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991)) ("It is well-established that the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b)."). The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927 (1983)).

The United States Court of Appeals for the Fourth Circuit has not defined the precise standard governing a motion for reconsideration under Rule 54(b). *See Fayetteville*, 936 F.2d at 1472. Courts in this district have, however, frequently looked toward the standards articulated in Rules 59(e) and 60(b) for guidance in considering such motions. *See Cezair*, 2014 WL 4955535, at *1 (citing *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005)). Thus, "[m]ost courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva*, 385 F. Supp. 2d at 565–66; *see also Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F. Supp. 3d 504, 506–07 (D. Md. 2015) (applying this

4

three-part test when evaluating a motion for reconsideration under Rule 54(b)). Importantly, "a motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." *Boykin Anchor Co. v. Wong*, No. 5:10-CV-591-FL, 2012 WL 937182, at *2 (E.D.N.C. Mar. 20, 2012); *cf. Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (noting that "mere disagreement" with the court's ruling does not support a motion to alter or amend the judgment).

## III. DISCUSSION

Martin's Motion for Reconsideration does not raise any "intervening change in controlling law" or "additional evidence that was not previously available." As such, Martin's Motion for Reconsideration has merit only if the Court's prior ruling was "based on clear error or would work manifest injustice." Martin raises a number of arguments alleging that the Court's ruling violates his rights, which the Court addresses in turn.

### A. The Court has the authority to order Martin to consent to the release of his emails

As an initial matter, the Court notes that it possesses clearly established authority to order Martin to consent to the release of his emails by Yahoo as a discovery sanction. Under Federal Rule of Civil Procedure 34(a), a party may request the production of documents and various other categories of items that are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The items that may be sought under the Rule include "electronically stored information," Fed. R. Civ. P. 34(a)(1), which plainly encompasses both electronic communications and archived copies of such communications that are preserved in electronic form, *see* Fed. R. Civ. P. 34, Advisory Committee Note to 2006 Amendments; *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 nn. 36–38 (S.D.N.Y.2003). A request for production under

5

Rule 34 "need not be confined to documents or other items in a party's possession, but instead may properly extend to items that are in that party's 'control.'" *Flagg v. City of Detroit*, 252 F.R.D. 346, 353 (E.D. Mich. 2008) (quoting Fed.R.Civ.P. 34(a)(1)); *see also Cooper Industries, Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919 (S.D.N.Y.1984) ("Documents need not be in the possession of a party to be discoverable, they need only be in its custody or control.")

Where a party fails to comply with its discovery obligations, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). Specifically, the party "may move for an order compelling . . . production . . . if . . . a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). It is well-established that courts may compel parties to sign consent forms authorizing the release of their emails where those parties refused to produce the emails through discovery. For instance, in *Life Technologies Corp.*, a magistrate judge issued a consent directive to a defendant who had refused to produce emails in discovery. *Life Techs. Corp. v. Life Techs. Corp.*, Mag. Rep. and Recommendations, Civ. Case No. 8:10cv3527, ECF No. 122 (Jan. 9, 2014), *adopted by*, Order, ECF No. 132 (Mar. 4, 2014) (Titus, J.). This type of discovery tool has been utilized or recognized in a number of other courts. *See S.E.C. v. Coll. Bound, Inc.*, 155 F.R.D. 1, 2 (D.D.C. 1994) ("An order to compel defendants to sign a consent form is a permissible method of obtaining that discoverable information in a civil context, provided that the form of the consent does not abrogate defendants' Fifth Amendment or due process rights"); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 614 (E.D. Va. 2008) (reasoning that a federal court "could order the [party] to consent to [their email provider] disclosing the contents of their e-mails under the pain of sanctions"); *S.E.C. v. Karroum*, No. 15-590 (JEB/DAR), 2015 WL 8483246, at *2–3 (D.D.C. Dec. 9, 2015) (reasoning that "the Court certainly has the authority to order" the defendant to sign an order "which specified that [the defendant] must consent to

having his Internet Service Provider (ISP) turn over his emails to the SEC"). In fact, even the Electronic Frontier Foundation, which filed an *amicus* brief in this case, ECF No. 300-1, pointed out that the SEC could "compel compliance with its [discovery] requests" through "litigation sanctions." ECF No. 300-1 at 11.

As such, the Court finds that it was not outside the authority of the Court to order Martin to sign the Consent Email. The Court next looks to whether the Court's order violates Martin's Constitutional rights or Attorney-Client privileges.

### B. The Court's order does not violate Martin's Fifth Amendment Constitutional rights

Throughout his Motion for Reconsideration, Martin argues that the Court's order forces him to violate his Fifth Amendment right against self-incrimination.[2] *See* ECF No. 336 at 10. The Self–Incrimination Clause of the Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." The Supreme Court has explained that "the privilege protects a person only against being incriminated by his own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976) (citing *Schmerber v. California*, 384 U.S. 757 (1966); *United States v. Wade*, 388 U.S. 218 (1967); and *Gilbert v. California*, 388 U.S. 263 (1967)). Where a court compels a party to sign a consent directive, such an order may violate the Fifth Amendment only if "the act of executing the form is a 'testimonial communication.'" *Doe v. United States*, 487 U.S. 201, 207 (1988). It is clear that the required production of documents "does not compel oral testimony," nor would it "compel the [recipient] to restate, repeat, or affirm the truth of the contents of the documents

---

[2] Martin also makes references to a violation of his Fourth Amendment rights. *See* ECF No. 336 at 1, 4–9, 12, 14. However, Martin's Fourth Amendment argument appears to be in reference to the administrative subpoena that the SEC previously issued to Yahoo. *See id.* at 7. At issue here is Martin's failure to comply with his discovery obligations, and the validity of the administrative subpoena is a separate issue which the Court will not consider at this time.

7

sought." *Fisher*, 425 U.S. at 408–09. Emails are "pre-existing, voluntarily prepared documents, which are not covered by the Fifth Amendment." *S.E.C. v. Karroum*, No. 15-590 (JEB/DAR), 2015 WL 8483246, at *3 (D.D.C. Dec. 9, 2015). "[I]n order to be testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a 'witness' against himself." *Doe*, 487 U.S. at 210. Where the parties already know that certain accounts and documents exist, the controlling party's compelled disclosure of those accounts and documents likely does not communicate a factual assertion or disclose information. *See In re Various Grand Jury Subpoenas*, 248 F. Supp. 3d 472 (S.D.N.Y. 2017) ("[B]ecause the parties already know that such accounts do exist . . . the potential risk of a Fifth Amendment violation arising from . . . a flawed consent directive . . . is mitigated.").

Here, it is beyond dispute that the Yahoo email account with Yahoo ID capitalsourcelending@yahoo.com is Martin's email account, under his control. In Martin's own Motion for Reconsideration, he describes the account as "Martin's Yahoo email account." ECF No. 336 at 1. Furthermore, Martin has used this same account numerous times in email communications with the Court. As Martin does not contest that the capitalsourcelending@yahoo.com is his account, his signing of the Consent Email is not testimonial as it does not "relate a factual assertion or disclose information." Martin's act of signing the Consent Email does not reveal anything that the parties did not already know. The documents themselves are "pre-existing, voluntarily prepared documents, which are not covered by the Fifth Amendment." As such, the Court's order directing Martin to sign the Consent Email does not violate the Fifth Amendment.

### C. The Court's order does not violate Martin's Attorney-Client privilege

Martin finally makes the argument that the Court's order directing Martin to sign the Consent Email violates attorney-client privilege, as it is forcing him to released privileged documents. ECF No. 336 at 12. The Court finds that the SEC's proposed document review protocol is sufficient to safeguard Martin's attorney-client privilege rights. The Commission suggested, and the Court adopted, that once Martin's emails are released to the SEC:

> The emails would then be subjected to a "filter team" review process that would ensure that only non-privileged, relevant emails were seen by the Commission's litigation and investigation team. The Commission has already proposed search terms to Martin on several occasions and invited his comments on them. Because he has not responded to these requests, the Commission requests that the Court allow these search terms to be used to identify responsive emails.

ECF No. 224 at 10. In the similar case of *S.E.C. v. Karroum*, No. 15-590 (JEB/DAR), 2015 WL 8483246, at *3 (D.D.C. Dec. 9, 2015), the defendant also resisted the release of his emails, arguing that the documents were privileged. There, the SEC suggested that "it will safeguard his attorney-client and marital privileges by including any emails between [the defendant] and one of his attorneys or his spouse in the list of emails to be screened by a team of attorneys not associated with the investigation." *Id.* The court found "this proposed course of action wholly appropriate in balancing Karroum's right to assert these privileges against the SEC's statutory subpoena authority and interest in conducting its investigation." *Id.* Here, the Court agrees that, given Martin's lack of cooperation with the SEC in producing his emails, this produce-and-filter protocol is the best way of balancing the SEC's right to discovery and Martin's privileges. As such, the Court finds that Martin's attorney-client privilege will not be violated by his signing of the Consent Email.

### D. Request for Interlocutory Appeal

Martin requests that "If the Court cannot grant my motions Defendant is seeking a stay of the case and order allowing him to a make an interlocutory appeal to the Fourth Circuit Court of Appeals." ECF No. 336 at 15. Under 28 U.S.C. § 1292(b), the Court may certify an "Interlocutory decision" as appealable where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court finds that there is not substantial ground for difference of opinion, and will not certify this issue for an interlocutory appeal, nor will the Court issue a stay.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that its initial orders directing Martin to sign the Consent Email were not in clear error, and did not violate Martin's constitutional rights or attorney-client privilege. As Martin has not raised any instances of a change in controlling law or new evidence previously unavailable, the Court hereby denies his Motion for Reconsideration, ECF No. 336. The arrest warrant mentioned in the Court's September 25, 2017 Order, ECF No. 335, will issue on Friday, October 13, 2017, unless at that time Martin is in complete compliance with the Court's Orders. A separate Order shall issue.

Date: October 10, 2017

GEORGE J. HAZEL
United States District Judge