FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2017 NOV -9 A 9: 11
CLERK'S OFFICE
AT GREENBELT
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

SECURITUES AND EXCHANGE COMMISSION,

Plaintiff,

v.

NORTH STAR FINANCE, LLC, *et al.*,

Defendants.

Case No.: GJH-15-1339

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is a civil enforcement action brought by Plaintiff Securities and Exchange Commission ("SEC") against Capital Source Funding, LLC, Capital Source Lending, LLC (the "Capital Source Defendants"), Michael K. Martin and a number of other Defendants, for violations of the Securities Act and Exchange Act[1] arising from an allegedly fraudulent "prime bank" investment scheme perpetrated by Defendants. ECF No. 1. This Memorandum Opinion and attached Order address the following Motions: SEC's Motion for Judgment as to Defendants Capital Source Funding, LLC and Capital Source Lending, LLC, ECF No. 270 (construed as a Motion for Default Judgment); SEC's Application for an Order Requiring Compliance with Administrative Subpoena, ECF No. 275; Martin's Motion to Recuse, ECF No. 325; Martin's Motion for Approval of Defense Funds, ECF No. 326; Martin's Motion for an Order Modifying the Freezing of Assets for Payments of Legal Fees and Expenses, ECF No. 328; Martin's Supplemental Motion to Support Request for Funds for Council [sic] and Expert Witnesses, ECF No. 333; Martin's Emergency Reconsideration of Reinstating Chapter 7, ECF No. 345; and

---

[1] *See* 15 U.S.C. § 77a and 15 U.S.C. § 78a *et seq.*

Martin's Emergency Reconsider [sic] of Resuming Bk 7 for Chronic Illness, ECF No. 346. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016).

## I. BACKGROUND

The SEC initiated this civil enforcement action on May 11, 2015, against a number of defendants, including Martin and the Capital Source Defendants. ECF No. 1. The SEC alleges that the Defendants took part in an "investment scam known as a 'prime bank' fraud" to defraud victims of nearly $5 million. *Id.* ¶¶ 1, 21. Put briefly, the SEC alleges that Defendants convinced victims of their scheme to "invest" in securities related to international banks; these securities, however, did not exist, and the substantial returns promised by Defendants did not materialize. *Id.* ¶ 4. The SEC claims that Defendants violated and aided and abetted violations of the Exchange Act Section 10(b) and Rule 10b-5, *id.* at 19,[2] the Securities Act Section 17(a), *id.* at 20–21, the Securities Act Section 5, *id.* at 20–21, and the Securities Act Section 15(a), *id.* at 22–23.

## II. DISCUSSION

A number of motions filed by the SEC and Martin are currently pending before the Court, which the Court addresses below in turn.

### A. Motion for Default Judgment Against the Capital Source Defendants (ECF No. 270)

The SEC asks the Court to grant an "entry of final judgments . . . establishing injunctions and ordering disgorgement and civil penalties as to defendants Capital Source Lending, LLC and Capital Source Funding, LLC." ECF No. 270 at 1. On February 3, 2017, the Court granted the SEC's Motion for Entry of Default against the Capital Source Defendants. ECF No. 253. As the Court noted at the time, the Capital Source Defendants' counsel withdrew as attorneys of record

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

on March 1, 2016. ECF No. 252 at 5. Pursuant to Loc. R. 101(2)(b), the Court ordered Defendants to show cause as to why default should not be entered against them within 30 days, which they did not; therefore, the Court granted the SEC's Motion. *Id.*

In its Motion for Default Judgment, the SEC argues that its Complaint pleads sufficient facts which, accepted as true, constitute a legitimate cause of action. ECF No. 270 at 7. The SEC provides the Court with additional affidavits and documentary evidence, which it argues are sufficient for the Court to enter damages against the Capital Source Defendants. *Id.* at 11. While the Capital Source Defendants did not respond to the SEC's Motion, on April 12, 2017, Martin filed an Opposition in which he asks for "a 90 day stay so that we can bring on an experienced attorney familiar with the SEC and the experience in knowing correctly how these private deals are set up." ECF No. 273 at 1. Although the Court did not grant the stay, seven months have passed since Martin filed his Opposition and the Capital Source Defendants are still not represented.[3] As such, the Court sees no reason to further delay consideration of the SEC's Motion for Default Judgment.

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Generally, "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), although "default judgment may

---

[3] In his Opposition, Martin also made a number of substantive arguments regarding the Capital Source Defendants' liability. While the Court reviewed Martin's arguments, it notes that, as a non-lawyer, Martin cannot represent the Capital Source Defendants *pro se*. *See* ECF No. 183 at 1 n.1 (where Martin filed a response to a motion directed at the Capital Source Lending ("CSL"), the Court explained that "because he is not an attorney, he cannot represent CSL in this matter").

3

be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

In a case with multiple defendants where fewer than all of the defendants have defaulted, it may not be appropriate for the Court to enter default judgment. Under the Federal Rules of Civil Procedure, final judgment can be entered as to one of multiple defendants only if the court "expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In the Supreme Court case of *Frow v. De La Vega*, 82 U.S. 552 (1872), the Court was confronted with a situation where one of several defendants had defaulted and had a final judgment entered against him. The Court found it "unseemly and absurd" that a final judgment could be entered against one defendant, while other defendants may ultimately be found to be not liable on the same charge. *Id.* at 554. *See also Farm Fresh Direct By a Cut Above, LLC v. Downey*, No. ELH-17-1760, 2017 WL 4516548, *3 (D. Md. Oct. 6, 2017) (hereinafter "*Farm Fresh*"). The Supreme Court instructed that the proper course in such a situation would be "simply to enter a default" against the defaulting party, and to "proceed with the cause upon the answers of the other defendants." *Id. See also* WRIGHT AND MILLER § 2690 ("As a general rule . . ., when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted."). The Fourth Circuit in *U.S. for Use of Hudson v. Peerless Ins. Co.* recognized that *Frow* "was a case of joint liability" but found *Frow*'s reasoning "applicable not only to situations of joint liability but to those where the liability is joint and/or several." 374 F.2d 942, 944 (4th Cir. 1967).

In a recent, similar case, this Court dismissed without prejudice a plaintiff's motion for default judgment against a defaulting defendant where several defendants remained. *Farm Fresh*,

4

2017 WL 4516548 (Hollander, J.). There, the plaintiff sued two individual defendants and two corporate defendants. *Id.* at *1. Neither corporate defendant entered an appearance, and the Clerk entered an order of default as to the corporate defendants. *Id.* The plaintiff subsequently filed a motion for default judgment against the corporate defendants. The court denied the plaintiff's motion without prejudice, reiterating the facts and reasoning of *Frow*, and pointing out that "plaintiff has not provided this Court with any explanation as to why defendants' liability is unrelated, or why, at this juncture, it is appropriate to enter default judgement against just one of four parties." *Id.* at *4.

Here, as in *Frow* and in *Farm Fresh*, it would be inappropriate to grant default judgment as to the Capital Source Defendants, with claims still pending against numerous related defendants. As in *Farm Fresh*, the SEC has not "provided this Court with any explanation as to why defendants' liability is unrelated, or why, at this juncture, it is appropriate to enter default judgement against just one of four parties." In fact, throughout the SEC's Motion for Default Judgment and in their accompanying materials it is quite clear that the Capital Source Defendants' liability is deeply intertwined with Defendants Martin's and Salinas's liability. *See, e.g.*, ECF No. 270 at 4 (as basis for Capital Source Defendants' liability, describing the conduct of "Michael Martin, CEO of Capital Source Lending"); *id.* at 9 ("Martin and Salinas made material misstatements and omissions on behalf of the Capital Source entities"); *id.* at 10 ("Martin, acting on behalf of Capital Source Lending, . . . knew or was reckless in not knowing his claims of past success were false, . . ., that the money collected from investors would be used for purposes other than promised, . . . and that his "updates" to investors were bogus"). The nature of the bank accounts that the SEC now seeks to disgorge makes the interrelatedness of the liability between the Capital Source Defendants, Salinas and Martin all the more clear. Every account from which the SEC seeks to disgorge funds is under the name of either Martin or Salinas. In sum, the SEC alleges that

5

the Capital Source Defendants are liable only because of the conduct of Salinas and Martin, who are still defendants in this case. As such, the Court will deny the SEC's Motion for Default Judgment without prejudice to the SEC re-filing the motion at an appropriate juncture.

### B. Motions to Release Frozen Assets (ECF No. 326, ECF No. 328, ECF No. 333)

On May 12, 2015, the Court froze Defendants' assets. ECF No. 7 at 8–11. Since then, the Court has considered and granted numerous requests from the various Defendants to unfreeze certain assets to provide them with reasonable living requests. *See, e.g.*, ECF No. 23; ECF No. 50; ECF No. 81. Regarding Martin, on numerous prior occasions the Court released assets for his reasonable living expenses; however, in its February 3, 2017, Memorandum Opinion, the Court made clear that "[n]o further releases will be authorized." ECF No. 252 at 3. Since then, Martin has filed several motions asking the Court to release additional funds. *See* ECF No. 326; ECF No. 328; ECF No. 333. It has been more than two years since the Court first froze Martin's assets; throughout that time, the Court has consistently maintained the position that Martin "should be actively pursuing financial self-sufficiency." *Id.* The Court maintains the position it took in its February 3, 2017 Memorandum Opinion and denies ECF No. 326, ECF No. 328, and ECF No. 333. Martin is warned that any future requests for additional releases of funds will be denied as well.

### C. Motion for Authorization to Pursue Chapter 7 Bankruptcy (ECF No. 345, ECF No. 346)

While this enforcement action has been proceeding, Martin filed for bankruptcy on multiple occasions. Martin initially filed for Chapter 13 bankruptcy in the Bankruptcy Court for the Eastern District of Virginia. ECF No. 331 at 6. In that case, he failed to disclose to the bankruptcy court the SEC's pending enforcement action, and declared that he was not a party to any lawsuit. *Id.* Once the Trustee who had been appointed to the case discovered Martin's

misrepresentations, the Trustee moved to dismiss Martin's Chapter 13 petition, which the bankruptcy court granted on December 12, 2016. *Id.* In doing so, the court barred Martin from "filing a subsequent bankruptcy case until [Martin] obtains authorization from the District Court for the payment of any filing fees associated with any future bankruptcy case ... as well as any payments to be made ... in any future plan filed in any future case." *In re Michael Martin*, Case No. 16-73477 (Bankr. E.D. Va., December 12, 2016) (ECF No. 40). Martin filed a motion before this Court, seeking to use funds for bankruptcy filing fees and plan payments; this Court denied that request in its February 3, 2017 Order. ECF No. 252. On June 30, 2017, Martin filed a Chapter 7 bankruptcy petition, which the bankruptcy court subsequently dismissed as violating the bankruptcy court's prior order. *In re Michael Martin*, Case No. 17-72378 (Bankr. E.D. Va. August 14, 2017) (ECF No. 55). Since then, Martin has asked the Court on multiple occasions to permit him to file for bankruptcy with the bankruptcy court. *See, e.g.*, ECF No. 345.

In its February 3, 2017 opinion, the Court instructed that "[b]ecause the Court finds that Mr. Martin should be actively pursuing financial self-sufficiency, the Court denies Mr. Martin's request to utilize new income to pay fees related to the Chapter 13 bankruptcy proceeding, ECF No. 232." ECF No. 252 at 3. The Court also noted that the SEC alleged that "Mr. Martin declared to the bankruptcy court that he was not a party to any other lawsuit, ECF No. 233 at 1, and that Mr. Martin is not a qualified debtor within the meaning of 11 U.S.C. § 109(e), as he is not an 'individual with regular income.' ECF No. 233-1 at 6." ECF No. 252 at 3 n.1.

In his pending Motions regarding his Chapter 7 bankruptcy filing, Martin implores the Court to allow his filing to proceed, and informs the Court that his power and water services either have been or will be shut off due to his failure to pay his utility bills. ECF No. 345 at 1; ECF No. 346 at 1. Martin stresses that through bankruptcy he seeks to resolve only his consumer

debts, and argues that his Chapter 7 bankruptcy will not interfere with the SEC's enforcement action or the frozen assets. ECF No. 345 at 1. As long as that remains true, the Court takes no position as to whether a bankruptcy case filed in a separate jurisdiction is appropriate. The Court reiterates, however, that any fees or payment plans arising from Martin's Chapter 7 bankruptcy must be paid out of newly-acquired legitimate income, and that none of Martin's originally frozen assets will be released.[4]

### D. Motion for the Court to Recuse Itself (ECF No. 325)

On August 17, 2017, Martin moved for the Court to recuse itself under 28 U.S.C. § 455 and *Marshall v. Jerico, Inc.*, 446 U.S. 238, 242 (1980). The crux of Martin's argument is that the Court's prior orders have "deliberately violated [Martin's] 4th and 5th amendment right." ECF No. 325 at 1.

A judge should recuse himself under 28 U.S.C. § 455 where "his impartiality might reasonably be questioned," § 455(a), where he has a "personal bias or prejudice concerning a party," § 455(b)(1), or where he or an immediate family member has a personal interest in the matter or controversy, § 455(b)(2)–(5). Here, the Court sees no reason under § 455 to recuse itself. While Martin may feel slighted by some of the Courts prior rulings, and may even think his Constitutional rights have been violated, he can rest assured that the Court has not "deliberately" violated any of his rights. In every instance, the Court has carefully applied the facts and law as presented by the parties, with no bias or favor for either side. If Martin feels that the Court has ruled incorrectly, his recourse is to appeal the Court's decision to the Fourth

---

[4] As mentioned above, the SEC initially objected that Martin had not made the Bankruptcy Court aware of this litigation, and that Martin did not qualify as a "debtor" under Chapter 13. The Court notes that whereas Martin did not qualify as a debtor under Chapter 13, he likely qualifies as a debtor under Chapter 7. *See* 11 U.S.C. § 109(b). Additionally, the Bankruptcy Court is now aware of this litigation and the Court's freeze on certain of Martin's bank accounts, and may act accordingly.

8

Circuit, which he has done. *See* ECF No. 339 (Notice of Appeal to Fourth Circuit). However, the Court sees no basis for recusal and will deny the Motion.

### E. Motion for Administrative Subpoena (ECF No. 275)

The final motion pending before the Court is the SEC's Motion for Administrative Subpoena, ECF No. 275. At the time the SEC filed this motion, in April 2017, the SEC was actively pursuing access to Martin's emails through discovery, and was meeting resistance from Martin. In an attempt to obtain those emails, the SEC asked the Court to order Yahoo, Inc. to turn over Martin's emails. ECF No. 275 at 1. Since then, the Court is aware that Martin signed a consent letter authorizing Yahoo, Inc. to provide the SEC with access to Martin's emails. Therefore, the SEC no longer needs the administrative subpoena requested in ECF No. 275, and the Court will deny that motion without prejudice as moot.

### III. CONCLUSION

For the foregoing reasons, ECF No. 270, ECF No. 275, ECF No. 325, ECF No. 326, ECF No. 328 and ECF No. 333 are denied. Regarding ECF No. 345 and ECF No. 346, the Court does not oppose Martin's application for Chapter 7 Bankruptcy, so long as any filing fees and future payments are made from his legitimate, new income rather than the frozen assets. A separate Order shall issue.

Date: November 8, 2017

GEORGE J. HAZEL
United States District Judge