**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

SECURITIES AND EXCHANGE COMMISSION, *

Plaintiff, *

v. * Civil Action No. 8:15-cv-1339-PX

NORTH STAR FINANCE LLC *et al*,

*

Defendants.

***

**MEMORANDUM OPINION**

Pending is *pro se* Defendant Michael K. Martin ("Martin")'s motions to vacate judgment (ECF Nos. 410, 421, 426, 434, 442, 445 & 454), motions to stay enforcement (ECF Nos. 413 & 418), motion for preliminary injunction (ECF No. 416), motions for evidentiary hearing (ECF Nos. 460 & 465), motion for reconsideration (ECF No. 466), omnibus motion to compel, for discovery sanctions, and for an evidentiary hearing (ECF No. 446), motion to strike (ECF No. 461), and motion to seal (ECF No. 437). Also pending is *pro se* Defendant Charel Winston ("Winston")'s motion to vacate judgment (ECF No. 438). The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, Martin and Winston's motions to vacate are denied, Martin's motion to seal is denied, and Martin's remaining pending motions are denied as moot.

## I. Background

The Court has previously discussed the relevant factual background for this matter in its prior decision at ECF No. 396 and incorporates that summary here. On August 15, 2019, the

Court[1] granted Plaintiff Securities and Exchange Commission ("SEC")'s motion for summary judgment against Martin, Winston, and the remaining defendants. ECF Nos. 396 & 397. The Order was subsequently amended to correct clerical errors, and Martin was found liable jointly and severally with Capital Source Lending LLC in the amount of $6,061,581.64. ECF No. 402 ¶ 5. Winston was found liable, jointly and severally with Goodwill Funding Inc., in the amount of $159,313.13. *Id.* ¶ 8. All defendants, except Martin and Sharon Salinas, appealed the Order. ECF No. 399. The Fourth Circuit affirmed the final judgment on October 23, 2020. ECF No. 405. Nearly six years later, Defendants Martin and Winston move to vacate the judgment as to them. For the following reasons, the motions are denied.

## II. Motions to Vacate

Turning first to Martin's onslaught of vacatur motions. *See* ECF Nos. 410, 421, 426, 434, 442, 445 & 454. Because Martin filed his motions well beyond the 28 days required by Federal Rule of Civil Procedure 59(e), the motions must be treated as filed pursuant to Rule 60(b). *See Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)). Rule 60(b) allows a district court to relieve a party "from a final judgment, order, or proceeding" on one of several enumerated grounds, or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). To prevail under Rule 60(b), the requesting party first must make a threshold showing of timeliness, the existence of a meritorious claim or defense, and that setting aside the judgment would not unfairly prejudice the nonmovant. *Bank v. M/V "Mothership", et al.*, 427 F. Supp. 3d 655, 660 (D. Md. 2019) (citing *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *M/V "Mothership", et al.*, 427 F. Supp. 3d at 660

[1] After the appeal was final, this matter was transferred from the Honorable George Jarrod Hazel to the undersigned on March 5, 2025.

(quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Those are:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Importantly, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982); s*ee also M/V "Mothership", et al.*, 427 F. Supp. 3d at 660 ("Rule 60(b) was not intended as a substitute for a direct appeal from an erroneous judgment." (citation omitted)). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313. "[D]isposition of a motion under Fed. R. Civ. P. 60(b) is within the sound discretion of the district court." *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (citing *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573, 576 (4th Cir. 1973)).

Martin's motions must be denied because he fails to make any of the threshold showings. The motions are, for one, untimely. Rule 60(c) requires that the party asserting relief under Rule 60(b)(4), (5), or (6) file the motion within a "reasonable time," or, for the remaining Rule 60(b) grounds, within one year. Fed. R. Civ. P. 60(c)(1). Five years after the judgment was affirmed on appeal without any showing to justify the delay will not suffice.

Second, Martin's motions do little more than attempt to relitigate issues he had previously raised and were rejected, or could have raised in the ordinary course of litigation. *See* ECF No.

391 at 2 (confirming Martin's receipt of the Yahoo emails); ECF No. 197 at 1–2 (alleging witness perjury in support of Martin's motion to unfreeze funds and lift preliminary injunction); ECF No. 268 at 3 (alleging witness perjury in a reply in support of Martin's motion for reconsideration); ECF No. 336 at 2–3 (alleging alteration of witness statements in Martin's motion for reconsideration). Because a Rule 60(b) motion is not a vehicle to retry his case, and he has not otherwise demonstrated that he has a meritorious defense, the motions must fail.

Third, Martin has not demonstrated a lack of prejudice as to the SEC. The SEC expended significant resources advancing the litigation through the appeal. Reopening the case six years after final judgment would plainly prejudice the SEC, and Martin fails to demonstrate otherwise.

As to the merits of his contentions, none would succeed. Martin baldly alleges that he had been denied fair process which requires some showing of a "'defect in the integrity' of the proceedings." *Morgan v. Tincher*, 90 F.4th 172, 177 (4th Cir. 2024) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Namely, Martin must show that (1) he has a meritorious defense; (2) he can demonstrate the SEC's misconduct by clear and convincing evidence; and (3) that the misconduct prevented him from fully presenting his case. *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994). Martin does not meet this high bar. Nothing suggests the SEC engaged in misconduct that hindered Martin's ability to have a fair shake in Court.

Martin also fails to demonstrate that the judgment should be vacated under Federal Rule of Civil Procedure 60(b)(4). Rule 60(b)(4) "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Sewell v. Garland*, No. Civ. 22-2864-BAH, 2024 WL 4416944, at *1 (D. Md. Oct. 3, 2024), *aff'd sub nom*. *Sewell v. McHenry*, No. 24-1993, 2025 WL 303787 (4th Cir. Jan. 27, 2025) (quoting *United States v. Welsh*, 879 F.3d 530,

533 (4th Cir. 2018)). Martin argues that the judgment had been wrongfully procured through "losses caused by government intervention[] rather than fraud."[2] ECF No. 426 at 4. But nowhere does Martin demonstrate that the Court lacked jurisdiction or Martin had been denied process. Fed. R. Civ. P. 60(b)(4). Rather, Martin's arguments would have been better placed before the Fourth Circuit on appeal. Rule 60(b) is not a backdoor remedy for Martin to relitigate his case. *See Williams*, 674 F.2d at 312.

Nor does Martin demonstrate that he is entitled to relief for "any other reason" not enumerated in Rule 60(b). Fed. R. Civ. P. 60(b)(6). To prevail under Rule 60(b)'s catch-all provision, Martin must show some "extraordinary circumstances" that warrant reopening of the judgment. *Aikens*, 652 F.3d at 500. Martin's six-year delayed disagreement with the Court's grant of summary judgment does not justify extraordinary relief. *LaTisha P. v. O'Malley*, Civ. No. SAG-21-2644, 2024 WL 5150519, at *3 (D. Md. Dec. 18, 2024) (collecting cases).

Lastly, Martin seeks vacatur of the judgment under Rule 60(d)(3) which allows relief when a judgment had been procured through an "intentional plot to deceive the judiciary, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney." *United States v. Gray*, No. Crim. No. DKC 94-241-1, 2024 WL 3302832, at *1 (D. Md. July 3, 2024) (quoting *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014)) (internal quotation marks omitted). In support, Martin rehashes the same arguments he made before final judgment regarding the SEC's purported tampering with witness testimony. *See* ECF No. 421 at 4; ECF No. 426 at 3, ECF No. 434 at 1; ECF No. 442 at 2; ECF No. 445 at 6; ECF No. 454 at 2; ECF No. 197, at 1–2; ECF No. 268 at 3; ECF No. 336 at 2–3. Martin raises nothing new to support any claimed

[2] Martin also maintains that he was improperly served before judgment. ECF No. 442 at 2. Not only did this Court's judgment acknowledge Martin's service, ECF No. 397 at 1, but the Court granted Martin's two motions for extension of time to respond to the SEC'S motion for summary judgment. ECF No. 388; ECF No. 391.

"intentional plot to deceive the judiciary" as required under Rule 60(d)(3). *Gray*, 2024 WL 3302832, at *1 (quoting F*ox ex rel. Fox*, 739 F.3d at 135–36). Thus, the Court denies Martin's motions to vacate.

Winston separately moves to vacate judgment against her under Rules 60(b)(3), (b)(4), and (d)(3). ECF. No. 438. Her motion fails for the same threshold reasons that doomed Martin's motions. The motions are not timely, she does not demonstrate the existence of a meritorious claim or defense, and has not shown a lack of unfair prejudice to the SEC. *M/V "Mothership", et al.*, 427 F. Supp. 3d at 660.

But even if she were able to make the threshold showing under Rule 60(b), her specific claims fail. As with Martin, Winston presses that the SEC has committed fraud, misrepresentation, or misconduct but makes no showing of the same necessary to justify Relief under Rule 60(b)(3). *Schultz*, 24 F.3d at 630. Moreover, many of Winston's grounds for relief have already been raised and rejected by the district court and on appeal. *See* ECF No. 391 at 2 (confirming Martin's receipt of the Yahoo emails); *SEC v. Ellis et al.*, No. 19-2161 (4th Cir. Oct. 23, 2020), ECF No. 6 at 2 (raising issue of alleged witness tampering in Winston's joint appeal brief); *Id.* at 4 (raising issue of alleged improper threats in Winston's joint appeal brief); ECF No. 405 (Fourth Circuit denial of Winston's appeal). As for her new contention that the Court had not considered "cancellation documents," Winston could have – but did not – advance this argument at summary judgment. ECF No. 438 at 3. Thus, she is not entitled to relief now.

Similarly, Winston fails to show that the judgment should be vacated as improvidently procured. Fed. R. Civ. P. 60(b)(4). In support, Winston argues that the trial Court "was never presented with the legal predicates that give it authority to reach Winston personally through the corporate entity she owned." ECF No. 438 at 3. This does not amount to a judgment obtained

without affording Winston sufficient process or by a court lacking in jurisdiction. *Sewell*, 2024 WL 4416944, at *1 (quoting *Welsh*, 879 F.3d at 533).

Lastly, no "fraud on the court" supports setting aside Winston's judgment. See ECF No. 438 at 5–13. Winston argues that the process was fundamentally defective because the SEC tampered with witnesses, withheld emails, and took "irreconcilable legal positions." ECF No. 438 at 39–43, 45–46, 53–54. Not only were many of these issues raised and rejected, but none of the issues Winston presents suggest that the SEC engaged in "intentional plot to deceive the judiciary." *Gray*, 2024 WL 3302832, at *1 (D. Md. July 3, 2024) (quoting *Fox ex rel. Fox*, 739 F.3d at 135–36) (internal quotation marks omitted). Accordingly, Winston's motion to vacate judgment must be denied.

## III. Motion to Seal

As for Martin's motion to seal, it must be denied as insufficient and untimely. Martin asks the Court to seal documents relating to the named "Blue Edits" pursuant to Local Rule 105.11 and 18 U.S.C. § 3771(a)(8). ECF No. 437. Martin has previously referred to the "Blue Edits" as material relating to the drafting of witness Andrew Hutchinson's declaration. *See* ECF No. 434 at 1 (referring to Attachment 1 containing a draft of Hutchinson's declaration as the "Blue Edits"); ECF No. 442 at 2 (calling Andy Hutchinson's statements the "'Blue Text' Fabrications").[3] The motion, however, fails because Martin has not followed the applicable sealing rules, and has otherwise waived any right to seal that which has been part of the public record for years.

Local Rule 105.11, requires a movant to "include (a) proposed reasons supported by *specific factual representations* to justify the sealing and (b) an *explanation why alternatives to*

[3] Although Martin purports to file this motion on behalf of himself and two co-defendants, Thomas G. Ellis and Thomas H. Vetter, he can only proceed on his own behalf. *See* D. Md. Loc. R. 101(1)(a) ("Individuals who are parties in civil cases may only represent themselves.").

*sealing would not provide sufficient protections.*" D. Md. Loc. R. 105.11 (emphasis added). Instead, Martin simply avers that the public disclosure of his name "poses a substantial and immediate risk of professional, economic and personal retaliation." ECF No. 437 at 1. Martin further asserts that "no less drastic alternative, such as redaction, is sufficient" but does not explain why this is so. *Id.* Because Martin proceeds *pro se*, he is afforded some leniency, but he is not absolved from complying with court rules. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.").

The purpose of Local Rule 105.11 is to allow the movant to demonstrate why the common-law presumptive right of public access to court filings is heavily outweighed by countervailing interests. *Doe v. Public Citizen,* 749 F.3d 246, 265–66 (4th Cir. 2014). "A party's mere desire to keep information confidential does not suffice." *Kurland v. Ace Am. Ins. Co.*, Civ. No. JKB-15-2668, 2018 WL 9903324, at *1 (D. Md. Sept. 14, 2018). When documents are filed in conjunction with a summary judgment motion, the movant must meet the more burdensome First Amendment public right of access standard. *Feldman's Med. Ctr. Pharmacy, Inc. v. Carefirst, Inc.*, Civ. No. SKG-10-254, 2011 WL 5075550, at *2 (D. Md. Oct. 24, 2011) (citing *Rushford v. The Washington Post Company*, 846 F.2d 249, 253 (4th Cir.1988)). Given that the "Blue Edits" material was filed years ago in connection with summary judgment motions, and without any showing, Martin fails to demonstrate why his privacy interests outweigh the public's First Amendment right to access. ECF No. 374-6 (attaching the "Blue Edits" identifying Martin in Defendant Thomas H. Vetter's response in opposition to the SEC's motion for summary judgment). Further, because the "Blue Edits" material has been a matter of public record since 2018, Martin's request is likely waived.

*See Norris v. PNC Bank, N.A.*, Civ. No. ELH-20-3315, 2021 WL 5955820, at *5 (D. Md. Dec. 16, 2021) ("There is also a strong argument that, by waiting more than six weeks, without explanation, to move to seal . . . while the motion was on the public docket, plaintiffs have waived their claim."); *Hudson Ins. Co. v. Dollar Tree Stores, Inc.*, No. CV EA-23-2731, 2024 WL 4108567, at *2 (D. Md. Sept. 6, 2024) (denying request to seal and finding the rationales for sealings were "even more unpersuasive" given the filings were "publicly available on the docket for more than three months . . . and more than a year."); *Jones* v. *Blair Wellness Ctr., LLC*, Civ. No. ADC-21-2606, 2023 WL 4352451, at *17 (D. Md. June 30, 2023) (emphasizing that the documents requested for sealing had previously been filed on the public docket).[4] The motion to seal is thus denied.

**IV. Conclusion**

For the foregoing reasons, Michael K. Martin and Charel Winston's motions to vacate are denied, as is Martin's motion to seal. Further, because the remaining motions depended on the success of the vacatur motion, those motions are denied as moot.

A separate Order follows.

10/22/2026
Date

/s/
Paula Xinis
United States District Judge

[4] Contrary to Martin's position, ECF No. 437, 18 U.S.C. § 3771 does not apply to civil cases. *In re Gyamfi*, 362 F. App'x 385, 386 (4th Cir. 2010) ("petitioner was not entitled to the protections of 18 U.S.C. § 3771 in his district court proceedings which were civil in nature.").